IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IDIALYON HELM, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JKB-21-0291 |
| SINAI HOSPITAL OF BALTIMORE, | * | |
| Defendant. | * | |

\*\*\*

## MEMORANDUM OPINION

On February 2, 2021, Plaintiff Idialyon Helm, a state inmate, filed this civil rights lawsuit along with a Motion for Leave to Proceed In Forma Pauperis. Based on the information provided in his motion, Plaintiff appears indigent, so his motion (ECF No. 2) shall be granted.

In his Complaint, Plaintiff alleges that on February 8, 2017, after being shot, he was taken to Northwest Hospital, but that hospital did not have a trauma center, so he was transported to Sinai Hospital. ECF No. 1, p. 2. Helm alleges that staff at Sinai Hospital did not fully examine his injury to determine whether surgery or other medical procedures were necessary, and instead simply wrapped his arm. *Id.* Subsequently, while in police custody, blood allegedly soaked through the bandages and he was sent to Johns Hopkins Hospital, where he received surgery. *Id.* He seeks compensatory damages for Sinai Hospital's "blatant deliberate indifference and abuse of authority for [his] not receiving adequate treatment." *Id.*, p. 3.

Plaintiff filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C.

§ 1915(e)(2)(B)(i)-(ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, this Court assumes that its factual allegations are true. *Id.* at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a pleading's clear failure to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented" in a complaint). In making this determination, "[t]he district court need not look beyond the complaint's allegations," yet "must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722–23 (4th Cir. 1989).

Helm's Complaint, even when afforded a liberal construction, fails to state a claim. At its core, a civil rights action under 42 U.S.C. § 1983 applies to unlawful conduct under color of law. *See Owens v. Balt. City State's Att'y Off.*, 767 F.3d 379 (4th Cir. 2014). Section 1983 provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any [State], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Essential to sustaining an action under § 1983 is the presence of two elements. Specifically, a plaintiff must demonstrate that: (1) he suffered a deprivation of rights, privileges or immunities secured by the Constitution

2

and laws of the United States, and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The sole Defendant named in this suit is a private hospital, and there is no allegation or indication that it was acting under color of law when it provided medical care to Helm. As such, the Complaint (ECF No. 1) must be dismissed.

A separate Order follows.

Dated this 29 day of March, 2021.

FOR THE COURT:

_____
James K. Bredar
Chief Judge